The fact that after the testatrix gave and bequeathed Knicely her property and in the next sentence it would appear that she appoints Ella May Knicely as a trustee to sell, mortgage, lease or dispose of the whole or any part of said real estate that is necessary for the use and benefit of said Ella May Knicely, clearly shows that the intention of the testatrix was to give her a life estate in said property, with power to dispose of same so far as was necessary for her proper use and benefit.

Instead of adding to her estate, it is very strong evidence of an intention to limit it, because it shows a continuing of some kind of a trust in the estate after the settlement of the estate and limits the power of Ella May in said property, from the fact that the will recites that she is appointed without bond.

"Unless the will conflicts with some provision of law, all other rules of construction must yield to the rule that the intention of the testator, as gathered from the whole will, must control." Johnson v. Johnson, 51 OS. 446. Under the will, Ella May received a life estate in the property, with power to sell, mortgage, lease or dispose of the whole or any part thereof during her lifetime, and having failed so to do, and to exercise said power, the remainder goes to the defendant, the Old Peoples Home of Cincinnati.

Attorneys—Murphy & Joseph for Murphy; Maxwell & Ramsey and Gregor B. Moormann for Riker; all of Cincinnati.

---

No. 744

In Re Estate of Elizabeth Long

ITHACA TRUST CO. v. TAX COMMISSION et

Hamilton Common Pleas

No. 19309

1277. WORDS AND PHRASES—"I would like" in a bequest, does not declare a trust and the residuary legatee is not bound to follow the provision.

1159. TAXES AND ASSESSMENTS—If paid by reason of inheritance, and later it develops that bequest was exempt from tax, cannot be recovered back.

ROETTINGER, J.

Elizabeth T. Long died in Ithaca N. Y. leaving a self-drawn will, in which, among other provisions, she made two specific bequests in favor of Cornell University. The will was admitted to probate Nov. 7, 1923, and proceedings to determine the amount of inheritance tax were instituted. These proceedings were necessary because of the fact that the testatrix left certain property in Ohio, which could not be transferred until the law governing the inheritance tax was complied with.

The two items of the will which are the subject of this action, said action being brought to the Hamilton Common Pleas on error and appeal, are:

No. 6. "In memory of my daughter, Eleanor Tatum Long, I leave $2000 to the general endowment fund of Cornell University, Ithaca, N. Y."

No. 13. "If feasible, I would like to establish a scholarship in structural geology at Cornell University at Ithaca, the sum of $30,000 to be known as the Eleanor Tatum Long scholarship, the interest to be paid possibly every two years if that seems best."

One of the questions presented is whether the clauses are mandatory. Both sides concede that item six is mandatory. Another question is, the inheritance tax on the bequest in item six having been paid, can it be recovered if said bequest is exempt? The court held:

1. In item 13, the provision commences with "If feasible, I would like." In a case nearly in point when the words "I would like" were used, the court held the clause as "expressing a desire, but not in such a way as to impose any duty to respect it."

2. In the case at bar the language constitutes a recommendation only, to the residuary legatee, and one which he is not bound to follow.

3. This being the case, it follows that the amount referred to in item 13 is subject to the inheritance tax laws of Ohio, and the tax was properly paid.

4. The $2000 was exempt from the tax. The entry fixing the tax was made Dec. 13, 1923. No application for a refunder was filed until Sept. 24, 1924. Section 5346 GC. provides "The Tax Commission . . . . . or any person dissatisfied with the . . . . . . determination of taxes, may file exceptions thereto in writing in the Probate Court within 60 days from entry of the order. . . . . .

5. An action cannot be maintained to recover back money paid with full knowledge of the facts. Marietta v. Socomb, 6 OS. 471.

6. Executors of Elizabeth Long are therefore without right of recovery.

Attorneys—Charles B. Wilby and Clark Wilby, Cincinnati, for Estate of Elizabeth Long; Charles C. Crabbe and Charles W. Baker, Columbus for State et.